[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 298.]

OFFICE OF DISCIPLINARY COUNSEL *v*. KRAL.

[Cite as *Disciplinary Counsel v. Kral*, 2000-Ohio-77.]

*Attorneys at law—Misconduct—Permanent disbarment—Willfully concealing and not accounting to probate court and successor administrator for substantial amount of estate assets in the form of stocks and bank accounts—Failing to cooperate in grievance investigation.*

(No. 00-784—Submitted July 6, 2000—Decided November 8, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-37.

———————————

{¶ 1} On June 7, 1999, relator, Office of Disciplinary Counsel, filed a two-count complaint charging respondent, Joseph Alan Kral of Strongsville, Ohio, Attorney Registration No. 0019883, with numerous violations of Disciplinary Rules and the Rules for the Government of the Bar. Respondent failed to answer the complaint, and relator filed a motion for default, which was referred to Master Commissioner Harry W. White.

{¶ 2} On the basis of the complaint, the master commissioner found that on October 15, 1991, respondent was appointed attorney-in-fact for Stephen E. Loughead and gained control of his assets. Respondent periodically provided an accounting of his transactions on behalf of Stephen Loughead to his principal's son, Lawrence.

{¶ 3} Stephen Loughead died on November 23, 1995, and on March 1, 1996, respondent presented the will of Stephen Loughead for probate in Cuyahoga County. When Lawrence Loughead was appointed executor of the estate, he did not hire an attorney, and so respondent acted as the attorney for the estate.

**{¶ 4}** After respondent failed to prepare and file a timely accounting on behalf of the executor, the probate court appointed attorney Michael E. Murman as successor administrator on June 22, 1998. Upon investigation, Murman determined that there was no accounting for a substantial amount of estate assets in the form of stocks and bank accounts that had previously been under the control of respondent. Murman repeatedly attempted to obtain estate records from respondent but respondent failed to provide them.

**{¶ 5}** In August 1998, Murman filed a complaint in the probate court against respondent and in February 1999, the court found that respondent had willfully concealed assets of the estate. It entered judgment in favor of Murman as administrator and against respondent in the amount of $308,612.76.

**{¶ 6}** The master commissioner further found that after Murman filed a grievance with relator, respondent failed to respond to relator's two letters of inquiry and to two subpoenas *duces tecum*.

**{¶ 7}** The master commissioner concluded that respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), DR 9-102(B)(4) (failing to promptly pay or deliver client funds), DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), DR 6-101(A)(3) (neglecting a legal matter entrusted to the attorney), DR 7-101(A)(2) (failing to carry out a contract of employment for professional services), DR 7-101(A)(3) (causing prejudice or damage to a client as the result of a professional relationship), DR 9-102(B)(3) (failing to render appropriate accounting of client funds), and Gov.Bar R. V(4)(G) (failing to cooperate in a grievance investigation).

**{¶ 8}** The master commissioner recommended that the respondent be permanently disbarred from the practice of law.

**{¶ 9}** The board adopted the findings, conclusions, and recommendations of the master commissioner.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, *John K. McManus* and *Stacy Solochak Beckman,* Assistant Disciplinary Counsel, for relator.

———————————

***Per Curiam.***

**{¶ 10}** We adopt the findings, conclusions, and recommendations of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————